**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.:

OYDUMIS ABREU
on behalf of himself and all others similarly situated,

       Plaintiff,

v.

ALPINE TOWING, INC., a Florida Profit Corporation and
LARRY J. SARAVIA, Individually
       Defendant(s)
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW, the Plaintiff, OYDUMIS ABREU, (hereinafter referred to as "Plaintiff"), on behalf of himself and all others similarly situated, by and through the undersigned counsel, files this Complaint against Defendants ALPINE TOWING INC, a Florida Profit Corporation, (hereinafter referred to as "ALPINE TOWING") and LARRY SARAVIA  (hereinafter referred to as "SARAVIA") collectively ("DEFENDANTS") and states as follows:

**JURISDICTION AND VENUE**

1. This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees or costs for unpaid wages, unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, which at all material

1

times conducted, and continues to conduct, business in the Southern District of Florida, and because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendants are subject to personal jurisdiction there.

## PARTIES

4. Plaintiff was at all times relevant to this action, a resident Miami Dade County Florida, within the jurisdiction of this Honorable Court.

5. During all times relevant to this Complaint, Plaintiff was employed by Defendants. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Defendant ALPINE TOWING is a corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida. Defendant has its principal place of business in Miami, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. ALPINE TOWING  is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. At all times material to this Complaint, Defendant ALPINE TOWING  has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials Including, but not limited to the following: wrenches, tow cables, flashlights, batteries, telephones, paper goods, invoice sheets, office supplies, pens, and other office and tow-related materials. Those goods and/or materials  have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

2

9. Specifically, Defendant ALPINE TOWING operates and specializes in performing towing services to automobiles.

10. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that Plaintiff is covered under the FLSA through individual coverage, as Plaintiff regularly and recurrently used the instrumentalities of interstate commerce. More specifically, Plaintiff regularly performed functions with clients across state lines utilizing telephones, computers, machinery, materials, and supplies.

11. ALPINE TOWING upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

12. Defendant, SARAVIA is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, ALPINE TOWING.

13. Defendant SARAVIA acted directly in the interest of his company, ALPINE TOWING, as the president. Upon all available information, SARAVIA controlled the manner in which Plaintiff performed his work and the pay he was to receive.

14. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

15. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**PLAINTIFF'S FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

16. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

3

17. Specifically, Plaintiff performed work for Defendants as a non-exempt tow truck driver from on or about March 2020 until on or about June 19, 2020.

18. During Plaintiff's employment, Plaintiff regularly worked twelve (12) hours per day. Plaintiff was scheduled to work twelve (12) days straight and rest two (2) days every two (2) weeks.

19. Accordingly, during the course of his employment, Plaintiff regularly worked between 60-84 hours per work week.

20. During Plaintiff's employment Defendants compensated Plaintiff and all employees similarly situated, by paying 25% of the service fee.

21. Most of the work assigned to Plaintiff was towing cars. Defendants charged $101.00 per car towed.

22. During his employment, Plaintiff would tow on average between four (4) to five (5) vehicles per day. Although there were days when Plaintiff worked a full shift and only towed two (2) cars per day.

23. Accordingly, there were times when Plaintiff was paid at a rate below the minimum applicable hourly wage rate as set forth under state and federal law.

24. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

25. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the laws of the United States and the State of Florida.

26. Defendants knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.[1]

---

[1] Upon information and belief, Defendants have been previously sued for violations of federal wage law and nevertheless continue to still violate the law.

27. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

28. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

29. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
### *Wage & Hour Federal Statutory Violation* against ALPINE TOWING

30. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 29 of this complaint as if set out in full herein.

31. This action is brought by Plaintiff to recover from Defendant unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

32. Since the commencement of Plaintiff's employment, ALPINE TOWING has willfully violated the provisions of § 7 of the Act [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating him for all hours worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

33. Specifically, Plaintiff worked between 72-84 hours during each work week in which he was employed but he was not compensated at time and a half for the hours worked over forty (40)

hours.

34. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

35. ALPINE TOWING is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). ALPINE TOWING's business activities involve those to which the Fair Labor Standards Act applies.

36. The Plaintiff's work for ALPINE TOWING likewise affects interstate commerce.

37. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a).

38. ALPINE TOWING has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

39. By reason of the said intentional, willful and unlawful acts of ALPINE TOWING, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

40. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

41. ALPINE TOWING never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

42. As a result of ALPINE TOWING's willful violations of the Act, Plaintiff is entitled to liquidated damages.

43. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from ALPINE TOWING.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

 A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

 B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

 C. Award Plaintiff an equal amount in double damages/liquidated damages; and

 D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

 E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Wage & Hour Federal Statutory Violation* against SARAVIA

44. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 29 of this complaint as if set out in full herein.

45. At the times mentioned, Defendant SARAVIA was, and is now, a corporate officer of corporate Defendant, ALPINE TOWING.

46. Defendant SARAVIA was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that SARAVIA acted directly in the interests of Defendant ALPINE TOWING in relation its employees including Plaintiff.

47. Specifically, SARAVIA supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

48. Defendant SARAVIA had operational control of the business and is thus jointly liable for Plaintiff's damages.

49. Defendant SARAVIA willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

    D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**[SPACE INTNETIONALLY LEFT BLANK]**

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: July 2, 2020

Respectfully submitted,

**PEREGONZA LAW GROUP, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/Juan J. Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com