UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

OYDUMIS ABREU,

    Plaintiff,

v.

ALPINE TOWING, INC., a Florida Profit
Corporation and LARRY J. SARAVIA,
individually,

    Defendants.

CASE NO. 20-22738-CV-UNGARO

## JOINT MOTION REQUESTING ORDER APPROVING SETTLEMENT AGREEMENT AND TO DISMISS LAWSUIT WITH PREJUDICE

Plaintiff OYDUMIS ABREU and Defendants ALPINE TOWING, INC. and LARRY J. SARAVIA, by and through their respective undersigned counsel, hereby file this Joint Motion Requesting Order Approving Settlement Agreement and to Dismiss Lawsuit With Prejudice, pursuant to this Court's Order (D.E. 17). The parties state the following in support:

**I.  STATEMENT OF FACTS**

1. On July 2, 2020 Plaintiff filed the instant action alleging violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). *See* ECF No. 1.

2. On August 3, 2020, Defendants filed an Answer to the Complaint, in which Defendants denied that the FLSA was violated and raised multiple Affirmative Defenses stating, *inter alia*, that any alleged overtime worked by Plaintiff was *de minimus*, thus denying that Plaintiff was entitled to any recovery under the FLSA. *See* ECF No. 8.

3.	Notwithstanding the parties' disagreement over the legal and factual merits of the allegations and the scope of any potential damages, the parties engaged in settlement discussions in an attempt to see if the instant action could be resolved without further litigation.

4.	After careful review and analysis of relevant documents and information, the parties reached an agreement to resolve and settle all of the claims asserted by Plaintiff against Defendants. In light of the same, the parties reached an agreement on or about August 26, 2020.

5.	The parties prepared and signed a Settlement Agreement and General Release ("Settlement Agreement") that memorializes the monetary and non-monetary terms and conditions of the settlement.  A copy of the Agreement is attached hereto as **Exhibit "A."**

6.	In accordance with the applicable requirements for settling an FLSA claim, the parties hereby seek the Court's approval of the settlement that they have entered into to resolve their dispute. The parties further stipulate to the dismissal of the instant action in its entirety, with prejudice, after the Court has reviewed and approved the settlement agreement.

**II.	ARGUMENT**

Pursuant to the Fair Labor Standards Act ("FLSA"), claims for overtime and minimum wage compensation arising under the FLSA may only be settled or compromised with the approval of the district court or the Secretary of Labor.  *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor).  To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.  *Id.*

As discussed above, the parties dispute whether any liability exists in the instant action. Nonetheless, the parties have agreed to settle all of the claims in this dispute, and have executed a Settlement Agreement. The parties agree that the settlement terms they reached represent a fair and equitable resolution of their dispute. Plaintiff is receiving a reasonable and satisfactory recovery of an agreed upon sum, plus payment of an agreed upon amount of attorneys' fees and costs.  The amount of the fees and costs is reasonable in litigating this type of matter. The terms of the Settlement Agreement are contingent upon approval by the Court.  Thus, the parties respectfully request that the Court approve their settlement and issue an Order dismissing this action with prejudice, but retaining jurisdiction, as necessary, to enforce the Settlement Agreement entered into by the parties.

WHEREFORE, the parties respectfully request that the Court review the Settlement Agreement and then enter an Order approving the terms of the settlement of the instant action, and dismissing this action in its entirety, with prejudice, but retaining jurisdiction, as necessary, to enforce the Settlement Agreement entered into by the parties.

Dated: September 4, 2020.

Respectfully submitted,

| | |
|---|---|
| *s/ Nathaly Saavedra* | *s/ Lindsay M. Massillon* |
| Nathaly Saavedra, Esq. | Dino G. Galardi, Esq. |
| Fla. Bar No. 118315 | Florida Bar No. 628220 |
| Juan J. Perez, Esq. | Lindsay M. Massillon, Esq. |
| Fla. Bar No. 115784 | Florida Bar No.: 92098 |
| PEREGONZA LAW GROUP, PLLC. | FOWLER WHITE BURNETT, P.A. |
| 1414 NW 107th Ave., Suite 302 | 1395 Brickell Avenue, 14th Floor |
| Doral, FL 33172 | Miami, FL  33131 |
| Telephone: (786) 650-0202 | Telephone: (305) 789-9281 |
| Facsimile: (786) 650- 0200 | Facsimile:   (305) 728.7581 |
| Email: Nathaly@peregonza.com | Email: DGalardi@fowler-white.com |
| juan@peregonza.com | LMassillon@fowler-white.com |
| *Counsel for Plaintiff* | *Counsel for Defendants* |

4