## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and among Oydumis Abreu ("Abreu") and Alpine Towing, Inc. ("Alpine Towing") and Larry J. Saravia ("Saravia," and collectively, "Defendants"), and they agree to the terms and conditions set forth below:

**WHEREAS**, Abreu was previously employed by Defendants and his last day of work was June 19, 2020;

**WHEREAS**, on or about July 2, 2020, Abreu filed a lawsuit claiming an overtime violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") in the United States District Court, Southern District of Florida, entitled *Oydumis Abreu v. Alpine Towing, Inc. and Larry J. Saravia*, Case No. 1:20-cv-22738-UU (the "Action");

**WHEREAS**, Defendants have denied and continue to deny the claims and allegations asserted in the Action and any wrongdoing whatsoever;

**WHEREAS**, the parties wish to settle their differences and resolve any and all disputes and obligations between them, including without limitation, all claims that were or could have been raised in the Action and any and all claims arising from Abreu's employment with, and/or separation from, Defendants;

**THEREFORE**, in consideration of the covenants and mutual promises contained in this Agreement, the parties agree as follows:

1. **Recitals.**

The above recitals are true and correct and are incorporated herein by reference for all purposes.

2. **Obligations of Alpine Towing.**

In consideration of Abreu's obligations set forth below and to avoid any further expenses associated with the costs of litigation:

a. Defendants agree that, along with other good and sufficient consideration for this Agreement, Abreu will be paid, within twenty (20) calendar days of the later of (1) Abreu's execution of this Agreement, or (2) the Court's entry of an order approving this settlement agreement and full dismissal of this Action with prejudice, total funds in the gross amount of Ten Thousand Dollars and Zero Cents ($10,000.00) (the "Settlement Funds"), which shall be issued as follows:

OA *[initials]*
AT *[signature - SignNow e-signature ID: 9671f 08/31/2020 17:14:24 UTC]*
LS *[initials]*

        (i)      one check made payable to Oydumis Abreu in the gross amount of Two Thousand Seven Hundred Thirty Two Dollars and Fifty Cents ($2,732.50), representing all of Mr. Abreu's alleged unpaid overtime, for which Abreu will receive a Form W4;

        (ii)     one check made payable to Oydumis Abreu in the amount of Two Thousand Seven Hundred Thirty Two Dollars and Fifty Cents ($2,732.50), representing all of Mr. Abreu's alleged liquidated damages, for which Abreu will receive a Form 1099; and

        (iii)    one check made payable to Peregonza Law Group, PLLC., in the amount of Four Thousand Five Hundred Thirty Five Dollars and Zero Cents ($4,535.00), representing all fees and costs incurred in this matter.

Abreu expressly agrees to be solely responsible for any tax liability that may result from payment of the Settlement Funds, and expressly acknowledges that Alpine Towing is not liable in any way for any tax consequences of this settlement. Abreu agrees to defend, indemnify, and hold harmless Alpine Towing against any loss or liability whatsoever, including reasonable attorneys' fees, incurred in any action or proceeding, before any court, agency, or arbitrator, to recover any unpaid taxes, penalties, or forfeitures related to the payment of the Settlement Funds.

    b.    As further consideration, Alpine Towing agrees that if it is contacted by a prospective employer about Abreu, it will provide the following information: the dates of Abreu's employment (April 27, 2020 through June 19, 2020) and the last position he held (Driver). Abreu promises that he will advise all prospective employers to contact Larry Saravia, Office: (305) 889-2800, Email: alpinetowing4@yahoo.com, or his successor.

    c.    As permitted by law, from the time of Abreu's execution of this Agreement, Larry Saravia shall not disparage Abreu, directly or indirectly, or say anything negative about Abreu including, but not limited to, members of the press and media, present and former employees of Alpine Towing, or any other third persons. As permitted by law such non-disparagement shall expressly include any comments, postings or other communications on social media.

    d.    Pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 69 F.2d 1350, 1352 (11th Cir. 1982), the parties shall file a Joint Motion for Settlement Approval and Proposed Order Dismissing this Action.

    e.    <u>Release of Plaintiff</u>

Defendants agree to completely and forever release Abreu from any and all claims, known or unknown, including but not limited to claims arising out of Abreu's employment with the Defendants and his separation therefrom, including any that may arise under contract, tort, or equity. The parties expressly intend this release to reach the maximum extent permitted by the law. However, nothing in this Agreement shall be construed to prevent the Defendants from enforcing their rights under this Agreement.

OA *OA*
AT *[signature] SignNow e-signature ID: 458ed6 08/31/2020 17:14:24 UTC*
LS *LS*

3. **Obligations of Abreu.**

Abreu, on behalf of himself, his heirs, executors, administrators, successors, and assigns and all persons who may have a cause of action through him ("Releasors") completely and forever releases Alpine Towing, its parents, subsidiaries, affiliates, divisions, successors and assigns, insurers and reinsurers, past and present directors, officers, attorneys (including outside counsel), and employees, and their respective heirs and personal representatives and any related or affiliated entities and Larry J. Saravia (including his heirs, executors, administrators, successors, and assigns) (collectively, "Releasees") from any and all claims, known or unknown, including, without exception, those claims that were or could have been asserted in the Action and any other claims arising out of Abreu's former employment with Defendants and the separation therefrom, including, but not limited to, any and all claims under Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act ("ADEA"), as amended, and the Older Workers Benefit Protection Act; the Civil Rights Act of 1991; 42 U.S.C. § 1981; the Employee Retirement Income Security Act of 1974, as amended; the Family and Medical Leave Act; the Americans with Disabilities Act of 1990, as amended; the Rehabilitation Act of 1973; the Equal Pay Act; the National Labor Relations Act; the Occupational Safety and Health Act; the Consolidated Omnibus Budget Reconciliation Act; the Genetic Information Non-Discrimination Act of 2008; the Pregnancy Discrimination Act of 1978; the Immigration Reform and Control Act; the Workers Adjustment and Retraining Notification Act; the Fair Credit Reporting Act; Florida Wage Discrimination Law – Fla. Stat. § 448.07; Florida Equal Pay Law – Fla. Stat. § 725.07 and Fla. Stat. Ann. § 448.07; the Florida AIDS Act – Fla. Stat. § 110.1125, § 381.00 and § 760.50; the Florida Domestic Violence Leave Law; Florida Preservation and Protection of the Right to Keep and Bear Arms in Vehicles Act; Florida Discrimination on the Basis of Sickle Cell Trait Law – Fla. Stat. § 448.075 et seq.; Florida OSHA – Fla. Stat. Ann. § 442.018(2); the Florida Civil Rights Act of 1992; Fla. Stat. § 440.205; the Florida Minimum Wage Act; the Florida Whistle Blower's Act; Fla. Stat. § 448.08; any applicable Florida statutes or local ordinances; all laws that govern discrimination involving religion, color, race, sex, pregnancy, sexual harassment, national origin, marital status, genetic information, age, retaliation, handicap, and/or disability; and any other statutory, common law, or public policy claim, whether in tort (including, without limitation, any claim for misrepresentation or fraud, assault, battery, intentional infliction of emotional distress, tortious interference with employment, defamation, invasion of privacy, negligence, or negligent hiring, retention, or supervision) or contract; whether federal, state, or local; whether in law or in equity; whether of any type whatsoever from the beginning of the world to these times present. Abreu's complete release additionally includes, without limitation, any and all claims for back pay, front pay, attorneys' fees, costs, and expenses. Abreu expressly intends this release to reach to the maximum extent permitted by law. The above list of statutes is meant to be illustrative, not exhaustive. However, nothing in this Agreement shall be construed to prevent Abreu from enforcing his rights under this Agreement or from asserting claims for his accrued, vested benefits under any employee benefit plans in accordance with the terms of such plans and applicable law. If any claim is not subject to release, to the extent permitted by law, Abreu waives any right or ability to be a class or collective action representative or to otherwise

OA *[signed]*
AT *[SignNow e-signature ID: c4f63 08/31/2020 17:14:24 UTC]*
LS *[signed]*

participate in any putative or certified class, collective or multi-party or a proceeding based on such a claim in which Defendants are a party.

Abreu warrants that, other than the Action, neither he, nor anyone acting on his behalf, has filed any civil action, suit, arbitration, administrative charge or legal proceeding, whether in court or with an administrative agency, against Defendants and he has not made any assignment or pledge to anyone of any claim against Defendants. Abreu further agrees that should any person, organization, or other entity file, charge, claim, sue or cause or permit to be filed any civil action, suit or legal proceeding involving any matter occurring at any time in the past against Defendants, he will not seek nor accept any personal relief in such civil action, suit or legal proceeding. However, nothing in this Agreement precludes Abreu from testifying, assisting or participating in any investigation, hearing or proceeding conducted by the EEOC or equivalent agency. Abreu, waives any right to monetary or other recovery should any claim be pursued by any person, organization or other entity against Defendants on his behalf arising out of or related to Abreu's employment or separation from Defendants.

Abreu agrees and acknowledges that the consideration provided for in this Agreement exceeds any payments, benefit or thing of value to which he might otherwise be entitled to under any policy, plan or procedure of Defendants.

a. The Parties intend this Agreement is intended to be a full and complete release of all claims against each other. If the Parties nevertheless initiates a lawsuit against each other in violation of this Agreement, the Parties shall be entitled to damages from one another, including, without limitation, attorneys' fees and costs incurred in enforcing this Agreement, as well as a set off in the amount of the Settlement Funds if the Agreement is breached by Abreu.

b. As permitted by law, from the time of Abreu's execution of this Agreement, neither Abreu nor anyone else acting on Abreu's behalf shall disparage Defendants, or say anything negative about Defendants including, but not limited to, members of the press and media, present and former employees of Defendants, or any other third persons. As permitted by law such non-disparagement shall expressly include any comments, postings or other communications on social media.

c. If Abreu should be subpoenaed by a court or administrative agency of competent jurisdiction to testify about his employment with Defendants or this Agreement, or to produce this Agreement or other documents related to or about his employment with Defendants, then Abreu shall be allowed to honor the subpoena as required by law, but only after he has first given notice to: Lindsay M. Massillon, Esq., LMassillon@fowler-white.com; (305) 789-9281 (phone), or her designee, first telephonically within a reasonable time after being served with the subpoena, and as soon thereafter as possible in writing, including a copy of the subpoena, and in any event, before Abreu testifies or produces any documents in response to the subpoena.

d. Abreu understands that June 19, 2020 was his last day of employment with Defendants. Abreu further acknowledges that, after payment of the Settlement Funds, he

OA
AT   SignNow e-signature ID: f446cc
         08/31/2020 17:14:24 UTC
LS

4

will not pursue any claims for any other wages (including any overtime), bonuses, and compensation to which he was entitled by virtue of his former employment with Defendants, as well as any and all leave or other benefits to which he may have been entitled by virtue of his former employment with Defendants and that, by signing this Agreement, he forever waives any right to any compensation (including any overtime), severance, leave of absence benefits or other payments of any kind from Defendants. Abreu represents that he will not seek future employment with Defendants, and he understands that Defendants will not employ him if he does seek such employment.

e.  In addition to any other remedies available to Defendants at law or in equity, in the event that Abreu violates the non-disparagement provisions of this Agreement, the non-breaching Party shall be entitled to liquidated damages in the amount of Two Thousand Dollars ($2,000.00) for each violation proven in a court of competent jurisdiction. Abreu agrees that (i) it would be extremely difficult to quantify the actual damages that would result from a violation of the Agreement's non-disparagement provisions, and (ii) $2,000.00 is a reasonable estimate of the actual damages that would result from such a violation and is not a penalty.

4. **No Admission of Liability.**

The parties acknowledge that this Agreement is not an admission of liability or wrongdoing by anyone, but instead reflects the parties' desire to reach a mutual agreement concerning Abreu's separation of employment from Defendants and resolve the matter without additional legal fees and expenses. All parties deny any wrongdoing or violation of law. Abreu forever waives all rights to assert that this Agreement was the result of a mistake in law or in fact. Further, Abreu forever waives all rights to assert that any or all of the legal theories or factual assumptions used for negotiating purposes are for any reason inaccurate or inappropriate.

5. **Medicare.**

The parties have fully considered Medicare's interest, pursuant to the Medicare Secondary Payer rules, and, in doing so, Abreu has declared that this claim does not involve any illness, injury, incident or accident in which medical expenses were incurred. Further, Abreu affirms that he is not Medicare eligible as of the date of execution of this Agreement. This affirmation is a material term of this Agreement and without which Abreu would not have entered into this Agreement. Furthermore, notwithstanding any provision herein to the contrary, Abreu does not release any claim he may have against Defendants for any medical expenses paid by Medicare on his behalf. Accordingly, Medicare has no interest in the payment under this Agreement. If Medicare (or the agency representing Medicare's interest) later determines that it does have an interest in the payment to his under this Agreement, Abreu will indemnify Defendants as soon as possible for any payments and/or penalties Defendants make to Medicare (or the agency collecting on behalf of Medicare) as a result of the payment under this Agreement.

OA
AT   SignNow e-signature ID: b4ea
           08/34/2020 17:14:24 UTC
LS

5

6. **General Terms.**

a. The parties affirm that the terms stated in this Agreement are the only consideration for them to sign this Agreement, and no other promise or agreement of any kind has been made to or with them by any person or entity whomsoever to cause them to execute this Agreement, and that they fully understand the meaning and intent of this Agreement, including but not limited to its final and binding effect. This Agreement contains the entire agreement between the parties and replaces any and all prior contracts, agreements, or understandings between the parties arising out of or relating to Abreu's employment with, and separation from, Defendants. This Agreement may only be changed in a writing signed by both Defendants and Abreu.

b. This Agreement shall be construed, enforced and interpreted in accordance with the laws of the State of Florida, without regard to Florida's conflict of laws principles, and the exclusive venue for any action to enforce or construe the Agreement shall be in Miami-Dade County, Florida. Abreu specifically consents to personal jurisdiction in this venue. **THE PARTIES SPECIFICALLY WAIVE ANY RIGHT TO A JURY TRIAL IN THE EVENT OF A LEGAL ACTION TO ENFORCE THIS AGREEMENT.**

c. If one or more provisions of this Agreement is held to be unenforceable, the remaining provisions nonetheless shall be enforced to the maximum extent possible.

d. If any legal action, proceeding or hearing is brought by any party to this Agreement to enforce the terms and conditions of this Agreement, then the prevailing party shall be entitled to recover reasonable attorneys' fees and costs, including fees and costs on appeal.

e. This Agreement is binding upon, and shall inure to the benefit of, the parties and their respective heirs, executors, administrators, successors and assigns.

f. This Agreement may be executed in counterparts, and if so executed each such counterpart shall have the force and effect of an original. The person(s) signing this Agreement on behalf of Defendants is authorized to do so.

**[SIGNATURES ON FOLLOWING PAGE]**

OA
AT   SignNow e-signature ID: 7608b
     08/31/2020 17:14:25 UTC
LS

OYDUMIS ABREU AFFIRMS THAT: (1) HE HAS CAREFULLY READ THIS AGREEMENT AND KNOWS AND UNDERSTANDS ITS CONTENTS, (2) HE HAS BEEN ADVISED OF HIS RIGHT TO CONSULT WITH AN ATTORNEY ABOUT THIS AGREEMENT, (3) HE HAS BEEN GIVEN A REASONABLE PERIOD OF TIME WITHIN WHICH TO CONSIDER THIS AGREEMENT, (4) HE ENTERS INTO THIS AGREEMENT KNOWINGLY AND VOLUNTARILY, AND (5) HE INDICATES HIS CONSENT AND AGREEMENT BY INITIALING EACH PAGE AND SIGNING THE SIGNATURE PAGE.

_Oydumis Abreu_ (OA)
OYDUMIS ABREU
SignNow e-signature ID: 8eb1356eb8...
08/31/2020 17:14:24 UTC

Date: 08/31/2020

Alpine Towing, Inc. (AT)

By: _____
Name: LARRY SARAVIA
Title: PRESIDENT
Date: 9/2/2020

_____ (LS)
LARRY SARAVIA
Date: 9/2/2020

OA _OA_
AT _LS_ SignNow e-signature ID: 6070a
       08/31/2020 17:14:25 UTC
LS _LS_