**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 20-cv-22738-UU

OYDUMIS ABREU

    Plaintiff,

v.

ALPINE TOWING INC., *et al.*,

    Defendants.

_____/

**ORDER**

    THIS CAUSE comes before the Court upon the parties' Joint Motion Requesting Order Approving Settlement Agreement and to Dismiss Lawsuit With Prejudice (the "Motion"). D.E. 19. The Court has considered the Motion and the pertinent portions of the record, the terms of the parties' Settlement Agreement, and is otherwise fully advised in the premises.

    FLSA claims may only be released upon the approval of the Court or the Secretary of Labor. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Courts will approve a settlement if it is a "fair and reasonable resolution of a bona fide dispute over FLSA provision." *Id.* at 1354. Courts look to various factors to determine reasonableness, including "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of [plaintiff's] success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and the substance and amount of opposition to the settlement." *Leverso v. SouthTrust Bank of Al., Nat. Ass'n*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The FLSA requires judicial review of the

reasonableness of counsel's legal fees to assure both that a counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009); *see also McHone v. Donal P. Hoekstra Plumbing, Inc.*, No. 10-60322-CIV, 2010 WL 4625999, *1 (S.D. Fla. Nov. 4, 2010) (denying motion to approve FLSA settlement providing for $3,500 in fees and $1,000 in damages).

On September 4, 2020, the parties moved for approval of their FLSA settlement. D.E. 19. After careful consideration of the Settlement Agreement and the claims in this action, the Court finds that the division of fees – $5,465 for Plaintiff and $4,535 in attorney's fees and costs – is a fair and reasonable compromise of the disputed claims. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion (D.E. 19) is GRANTED. The Settlement Agreement (D.E. 19-1) is APPROVED. The Court will retain jurisdiction to enforce the Settlement Agreement until **December 11, 2020**. The Court, however, will not enforce the non-disparagement provisions. It is further

ORDERED AND ADJUDGED that the case is DISMISSED WITH PREJUDICE. Each party shall bear its own attorneys' fees and costs related to this action, except as provided in the parties' Settlement Agreement. This case remains closed for administrative purposes.

DONE AND ORDERED in Chambers, Miami, Florida, this 14th day of September, 2020.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

Copies furnished:
All counsel of record